The **STUYVESANT INSURANCE COMPANY and Raymond Robin,**
Plaintiffs,

v.

**DEPARTMENT OF the TREASURY et al., Defendants.**
No. 73 Civ. 3948 (IBC).

United States District Court,
S. D. New York.
April 18, 1974.

Harry Salvan, New York City, for plaintiffs.

Paul J. Curran, U. S. Atty., S.D.N.Y. New York City, for defendants Dept. of the Treasury and Internal Revenue Service; David P. Land, Asst. U. S. Atty., of counsel.

Adrian P. Burke, Corp. Counsel, New York City, for defendant Gene Grupposso.

## OPINION

COOPER, District Judge.

We have before us cross-motions for summary judgment by plaintiffs and by co-defendant United States pursuant to Fed.R.Civ.P. 56. The material facts are not in dispute; summary judgment is therefore appropriate. At issue here are conflicting claims to a substantial amount of money now in the possession of co-defendant Property Clerk of the City of New York (hereinafter "Property Clerk"). For the reasons given below, we (1) grant the motion by the United States for summary judgment dismissing plaintiffs' complaint against it, and (2) dismiss the complaint against the Property Clerk for lack of jurisdiction. The United States has filed a cross-claim against the Property Clerk which is predicated upon an independent basis of federal jurisdiction and therefore will not be affected by our disposition of these motions.

## I  FACTS

Plaintiffs herein are licensed bail bondsmen in the City of New York. One John T. Brown (hereinafter "taxpayer"), who resided at 180 West End Avenue, New York, New York, was arrested on September 24, 1972 by the New York Police and arraigned in state court criminal proceedings on three separate charges apparently relating to drugs. The police seized from the taxpayer cash sums totalling more than $80,000. Plaintiffs furnished bail in the amount of $45,000; the taxpayer failed to appear on May 5, 1973; the bail bond was forfeited.

On November 3, 1972, Internal Revenue Service made an income tax assessment against the taxpayer in the amount of $78,040.00 for the taxable period ended September 24, 1972. No portion of that tax assessment has been paid.

On November 9, 1972, IRS served upon the Property Clerk of the City of New York a Notice of Levy which recited the facts of the tax assessment and stated: ". . . all property . . . now in your possession and belonging to this taxpayer . . . are hereby levied upon and seized for satisfaction of the aforesaid tax . . . and demand is hereby made upon you for the amount necessary to satisfy the liability set forth herein . . ." At the time the Notice of Levy was served, the Property Clerk had in his possession, and still possesses, the cash seized by the police from the taxpayer ($80,000 minimum), in excess of the tax liability ($78,040). The Property Clerk has not remitted any of the taxpayer's property to IRS. On the same date that the Notice of Levy was served (November 9, 1972), IRS filed with the Register of the City of New York a Notice of Federal Tax

Lien against the taxpayer for the unpaid $78,040.00 tax assessment.

After the $45,000 bail was forfeited on May 31, 1973, plaintiffs instituted in the Supreme Court, New York County, an action against the taxpayer; on June 25, 1973 plaintiffs obtained an order of attachment for $45,000 against him; on June 28, 1973, the Sheriff of the City of New York served the Property Clerk with the attachment order; on September 10, 1973, a default judgment for $45,000 was entered in favor of plaintiffs against the taxpayer; on September 11, 1973, an Execution with Notice to Garnishee was issued upon the Sheriff and the Property Clerk by plaintiffs as attaching judgment creditors.

At no time did plaintiffs file any claim or request with IRS for the return or release of the property levied upon by IRS. On September 14, 1973, plaintiffs began this action against IRS and the Property Clerk.

## II  ISSUES

Plaintiffs' action against the United States is authorized by 26 U.S.C. § 7426(a); it provides in substance that any person (other than a taxpayer) may sue the United States to recover a money judgment in respect to property of a taxpayer levied upon by IRS when the claimant had a right to that property superior to the claim of IRS.[1] IRS argues that plaintiffs' complaint must be dismissed because (1) this Court lacks jurisdiction since the action is

time barred by 26 U.S.C. § 6532(c), and (2) on the merits, the claim of the United States to the property held by the Property Clerk is superior to that of plaintiffs.

We hold that the complaint must be dismissed on the ground that plaintiffs' action is time-barred. Even if this is not so, the United States should prevail, for it is clear that its claim is superior to that of plaintiffs.

Section 7426 permits suit by third parties in cases where the United States has made a wrongful levy on a taxpayer's property. In such actions, as this one, the validity of the tax assessment is conclusively presumed. 26 U.S. C. § 7426(c).[2] This statutory provision follows the general rule of law that no person, other than a taxpayer in the appropriate judicial proceeding, may challenge the validity of a tax assessment. See Falik v. United States, 343 F.2d 38, 41–42 (2d Cir. 1965). Thus, plaintiffs have no standing to challenge the merits of the tax assessment; so for the purposes of this litigation it is conclusively presumed that the taxpayer owes $78,040.00 to the United States. What the statute does permit, and what plaintiffs are attempting to successfully accomplish, is the prosecution of an action to resolve the conflicting claims to the cash held by the Property Clerk.

## III  PROCEDURAL REQUIREMENTS

To resolve such conflicting claims, plaintiffs must comply with statutory

---

[1]. 26 U.S.C. § 7426 provides, in relevant part, as follows:

"(a)(1) If a levy has been made on property . . . any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien upon such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to . . . the Secretary or his delegate. . . .

(b)(2) If the court determines that such property has been wrongfully levied upon,

the court may . . . (B) grant a judgment for the amount of money levied upon. . . ."

[2]. 26 U.S.C. § 7426(c) provides as follows:

"For purposes of an adjudication under this section, the assessment of tax upon which the interest or lien of the United States is based shall be conclusively presumed to be valid." This conclusive presumption of the validity of a tax assessment has been upheld in Rabinoff v. United States, 329 F.Supp. 830, 843 (S.D.N.Y. 1971) and United States v. Championship Sports, Inc., 284 F.Supp. 501, 508 (S.D. N.Y.1968).

procedural requirements; this they have not done. Section 6532(c) provides that an action pursuant to § 7426 must be commenced within nine months from the time the Notice of Levy is served, unless within that nine month period the third party claimant files with IRS a request for the return of the property levied upon. If such a request is timely filed, then the period within which an action may be commenced is extended for twelve months from the filing of the request, or, alternatively, for six months from the disallowance of the request by IRS, whichever is shorter.[3]

■ This nine month period acts as a statute of limitations and commences on the date on which the Notice of Levy was served. American Honda Motor Co., Inc. v. United States, 363 F.Supp. 988 (S.D.N.Y.1973). Thus, plaintiffs were required either to file a request with IRS for the return of the property levied upon, or to commence their action against the United States within nine months after the Notice of Levy was served. IRS served its Notice of Levy on the Property Clerk on November 9, 1972; plaintiffs therefore had until August 9, 1973 to file their request or commence their action. Plaintiffs have not filed such a request, and, since this action was not begun until September 14, 1973, it is time-barred.

■ Plaintiffs argue, however, that the institution of a law suit in the state courts together with the attachment of the funds held by the Property Clerk is equivalent to a request to IRS for the return of the property. They emphasize that the Property Clerk was served with the order of attachment on June 28, 1973, within nine months after the Notice of Levy was served by IRS on November 9, 1972 and so the statutory requirements are fully satisfied; that they are therefore entitled to the twelve month extension of time as allowed by § 6532(c)(2).

The Internal Revenue Code and the regulations pursuant thereto require that IRS receive actual notice of a request for the return of property. The United States was not a party to plaintiffs' state court action against the taxpayer and had no knowledge of it. Section 6532(c)(2) speaks of a request for the return of property pursuant to § 6343(b). The regulations promulgated pursuant to § 6343(b) specify that such a request must be in writing, addressed to the district director for the internal revenue district in which the levy was made, and marked for the attention of the Chief, special procedures staff.[4] It is abundantly clear that a request for the return of property must be in the form of a written request filed with IRS. Institution of legal proceedings in state court, of which the United States had no notice, is insufficient to comply with the statutory requirements. We conclude therefore that the present action is time-barred.

---

3. 26 U.S.C. § 6532(c) provides as follows:
"(1) Except as provided by paragraph (2), no suit or proceeding under section 7426 shall be begun after the expiration of 9 months from the date of the levy or agreement giving rise to such action.
(2) If a request is made for the return of property described in section 6343(b), the 9-month period prescribed in paragraph (1) shall be extended for a period of 12 months from the date of filing of such request or for a period of 6 months from the date of mailing by registered or certified mail by the Secretary or his delegate to the person making such request of a notice of disallowance of the part of the request to which the action relates, whichever is shorter."

4. Treas.Reg. § 301.6343–1(b) provides, in relevant part, as follows:
(2) A written request for the return of property wrongfully levied upon shall be addressed to the district director (marked for the attention of the Chief, special procedures staff) for the internal revenue district in which the levy was made . . .
(3) . . . A request made after May 31, 1972 shall not be considered adequate unless it is a written request containing the information required by subparagraph (2) [above]."
The Notice of Levy was served on November 9, 1972, so plaintiffs' request would be after May 31, 1972.

■ Plaintiffs' failure to bring their suit within the prescribed period constitutes a jurisdictional defect. *American Honda, supra*; Rock v. United States, 279 F.Supp. 96 (S.D.N.Y.1968). "Time and again, in an abundance of cases, it has been held that the time within which a suit must be brought against the United States under the provisions of a federal statute is strictly a condition of the remedy given. The prescribed period . . . within which suit must be brought is a substantive jurisdictional requirement. . . ." Gallion v. United States, 389 F.2d 522, 524 (5th Cir. 1968). For these reasons, plaintiffs' complaint against IRS must be dismissed for lack of jurisdiction.

## IV  PRIORITY OF CLAIMS

■ Even if plaintiffs' complaint were not time-barred the United States must prevail on the merits. Plaintiffs first argue that the claim of the United States to the property held by the Property Clerk is invalid because its tax assessment has not been reduced to judgment. Section 6502(a), however authorizes the collection of a tax either by levy or through a court proceeding; no judgment is required.[5] Once a tax assessment has been made, the United States acquires a lien on all property, and rights to property, belonging to the taxpayer.[6] Such lien arises at the time the assessment is made, here on November 3, 1972.[7] The lien was enforced by service of the Notice of Levy upon the Property Clerk on November 9, 1972, seizing all the taxpayer's property in the Property Clerk's possession. The government was required to do nothing else in order to collect and satisfy its claim against the taxpayer.

■ Plaintiffs further contend that, as judgment creditors of the taxpayer, their claim is superior to that of the United States and that therefore they should prevail. They draw our attention to § 6323(a), which provides that a judgment lien creditor has priority over a tax lien if the creditor's status as a judgment lien creditor was obtained prior to the time IRS publicly filed a Notice of Tax Lien.[8] Plaintiffs assert that the public filing of the Notice of Tax Lien by the government was improper and that therefore their claim has priority.

The requirements as to public filing are set forth in § 6323(f) which provides that in the case of personal property a Notice of Tax Lien must be filed in an office within the state, county, or other governmental subdivision, as designated by the laws of such state in which the property subject to the lien is situated.[9] The taxpayer resided at 180

---

5. 26 U.S.C. § 6502(a) provides, in relevant part, as follows:
   "Where the assessment of any tax imposed by this title has been made . . . such tax may be collected by levy or by a proceeding in court. . . ."

6. 26 U.S.C. § 6321 provides, in relevant part, as follows:
   "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." See Lapp v. United States, 316 F. Supp. 386, 388 (S.D.Fla.1970).

7. 26 U.S.C. § 6322 provides, in relevant part, as follows:
   "the lien imposed by section 6321 shall arise at the time the assessment is made. . . ." See United States v. Fidelity Philadelphia Trust Co., 459 F.2d 771, 773 (3d Cir. 1972).

8. 26 U.S.C. § 6323(a) provides, in relevant part, as follows:
   "The lien imposed by section 6321 shall not be valid as against . . . judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary or his delegate."

9. 26 U.S.C. § 6323(f) provides, in relevant part, as follows:
   "(1) The notice referred to in subsection (a) shall be filed (A) . . . (ii) In the case of personal property . . . in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated. . . ."

West End Avenue, New York, New York (New York County) and the property in dispute is personal property consisting of cash sums seized from him by the police. With respect to personal property of a New York County resident § 240(2)(b) of the New York Lien Law McKinney's Consol.Laws, c. 33, requires that the Notice of Tax Lien shall be filed with the Register of New York City.[10] On November 9, 1972, IRS publicly filed its Notice of Tax Lien with the Register of New York City, Hall of Records, 31 Chambers Street, New York, New York, in full compliance with state and federal statutory requirements. As plaintiffs did not become judgment lien creditors until September 11, 1973, when their Execution with Notice to Garnishee was issued upon the Property Clerk and well after the filing of the Notice of Tax Lien, their claim has no priority over that of the United States.

## V   PLAINTIFFS' CLAIM AGAINST THE PROPERTY CLERK

Plaintiffs commenced this action by naming IRS and the Property Clerk as co-defendants and by asserting 26 U.S.C. § 7426 as a basis for federal jurisdiction. Section 7426, however, only authorizes a lawsuit against the United States; it does not establish federal jurisdiction over an individual defendant. No independent basis of federal jurisdiction over the Property Clerk was pleaded in the complaint, and an examination of Title 28 does not reveal any. This raises an interesting question of pendent jurisdiction, i. e., the power of a federal court to consider a related state action over which it has no jurisdiction. As one commentator has recently noted, "Whether [the] doctrine of pendent jurisdiction would permit the bringing in of a different party as to whom no federal claim

exists as to which the state claim can be said to be pendent is not altogether clear." 3 A Moore's Federal Practice § 18.07[1.4] (1973 Supp.). See Astor-Honor, Inc. v. Grosset & Dunlap, 441 F. 2d 627 (2d Cir. 1971); Leather's Best, Inc. v. S. S. Mormaclynx, 451 F.2d 800 (2d Cir. 1971).

We need not, and do not, reach this issue, however. The motion for summary judgment in favor of the United States has been granted, dismissing the complaint against it for lack of jurisdiction. Since we are no longer entertaining the cause of action against IRS, we do not need to consider the action against the Property Clerk. "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). For this reason, the complaint against the Property Clerk of the City of New York must be dismissed for lack of jurisdiction.

## VI   THE   CROSS-CLAIM   AGAINST THE PROPERTY CLERK

The granting of summary judgment in favor of the United States and the dismissal of plaintiffs' complaint against the Property Clerk does not conclude this litigation. Pursuant to 26 U.S.C. § 6332(a) and (c), the United States has filed a cross-claim against the Property Clerk for its failure to honor the Notice of Levy. This cross-claim is based on the independent grounds of federal jurisdiction set forth in 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. § 7402.

Section 6332(a) provides that when a person is served with a Notice of Levy, that person is obligated to surrender the taxpayer's property in his possession to

---

10.  Section 240(2) of the New York Lien Law provides, in relevant part, as follows:

"Notices of liens upon tangible or intangible personal property for taxes payable to the United States of America and certificates and notices affecting such liens shall be filed as follows:

. . .  (b) . . .  if such taxpayer resides at such time in the . . . county of New York . . ., the place for filing such liens shall be in the office of the city register of the city of New York in such county.

IRS except property subject to attachment or execution under any judicial process.[11] Section 6332(c) provides that when a person fails to honor a Notice of Levy, such person shall be personally liable to the United States for the value of the property, plus interest, plus a 50% penalty.[12] The provision of the New York City Administrative Code which authorized the Property Clerk to forever retain property seized from a person charged with a crime has been declared unconstitutional. McClendon v. Rosetti, 460 F.2d 111 (2d Cir. 1971). The Court held there that if the property seized is not contraband and is not needed as evidence, then persons asserting claims to that property are entitled to recover that property.

We do not at this juncture dispose of the cross-claim against the Property Clerk. IRS informs us that in other instances when a tax levy has been served upon the Property Clerk, IRS and the Clerk, with the cooperation and consent of the local district attorney's office, have worked out a procedure to honor the tax levy and to avoid a judicial confrontation between the United States and the City of New York. This matter is therefore to be held in abeyance, subject to a conference involving the parties interested.

Accordingly, for the reasons stated above, we make the following dispositions: (1) the motion by the United States for summary judgment dismissing the complaint against it is granted; (2) the complaint against the Property Clerk is dismissed for lack of jurisdiction; (3) plaintiffs' motion for summary judgment is denied; and (4) the cross-claim by the United States against the Property Clerk is expressly left undecided pending a conference of parties to be scheduled at an early date.

So ordered.

---

11. 26 U.S.C. § 6332(a) provides, in relevant part, as follows:

"[A]ny person in possession of . . . property . . . subject to levy upon which a levy has been made shall, upon demand of the Secretary or his delegate, surrender such property . . . to the Secretary or his delegate, except such part of the property . . . as is, at the time of such demand, subject to an attachment or execution under any judicial process."

12. 26 U.S.C. § 6332(c) provides, in relevant part, as follows:

"(1) Any person who fails or refuses to surrender any property . . . subject to levy . . . shall be liable in his own person and estate to the United States in a sum equal to the value of the property . . . not so surrendered, but not exceeding the amount of taxes for the collection of which such levy has been made, together with costs and interest on such sum at the rate of 6 percent per annum from the date of such levy. . . .

(2) In addition to the personal liability imposed by paragraph (1), if any person required to surrender property . . . fails or refuses to surrender such property . . . without reasonable cause, such person shall be liable for a penalty equal to 50 percent of the amount recoverable under paragraph (1)."

See United States v. Sterling National Bank & Trust Co., 360 F.Supp. 917 (S.D. N.Y.1973).