Raymond DE GREGORY, Individually and d/b/a Aggregate Transportation, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 4–73028.

United States District Court,
E. D. Michigan, S. D.

May 8, 1975.

**172**

Frederick M. Maddock, Detroit, Mich., for plaintiff.

Jeffrey A. Heldt, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This is an action under 26 U.S.C. § 7426 brought by plaintiff for wrongful levy by the Internal Revenue Service (IRS) upon funds which the plaintiff alleges were rightfully his. The defendant has moved to dismiss the complaint for lack of jurisdiction. The following facts appear from the pleadings, exhibits, and a supplemental affidavit filed by the government.

On December 16, 1971, IRS served a notice of levy upon F. J. Siller & Co., a general contractor who had engaged the Oakland Sewer Corp. to perform work in connection with the Clinton-Oakland Sewer Disposal System. The levy sought to obtain funds in Siller's hands which were owed by Siller to Oakland, a taxpayer indebted to the United States on account of unpaid withholding taxes in the amount of some $107,000.

Prior to the date of the levy, Oakland had engaged plaintiff to perform work on the disposal system for which Oakland became indebted to plaintiff in the amount of $8,865.21. Plaintiff alleges that the funds in Siller's hands, seized by the government, were impressed with a trust in his favor by virtue of the Builder's Trust Fund Act, M.C.L.A. 570.151, and that, for this reason, the levy was wrongful.

On February 23, 1972, IRS received from Siller $3,450.02 pursuant to the levy. On March 27, 1974, plaintiff requested a return of the money seized on the theory that the funds seized belonged to him at the time of the seizure under the Michigan Builder's Trust Fund Act. This claim was administratively denied on July 1, 1974 as untimely. The last paragraph of the district director's denial stated:

"You are advised of your right to bring suit against the United States of America under Title 26, USC 7426 (Section 7426 of the Internal Revenue Code of 1954). Any suit brought under Title 26 U.S.C. 7426 must be commenced within one year of the date your claim was filed, or six months from the date of this letter of disallowance, whichever is shorter."

Plaintiff filed this suit on December 27, 1974.

The government moves to dismiss alleging the court's lack of jurisdiction because the plaintiff failed to either file suit or initiate administrative proceedings within the period prescribed by the statute vesting this court with jurisdiction for actions to recover an alleged wrongful levy. 26 U.S.C. 6532(c). This failure, the government contends, now ousts this court of jurisdiction insofar as section 6532(c) operates as a substantive condition precedent to suit in the district court which must be strictly ob-

served. For purposes of this motion, the court assumes that plaintiff's claim to the money seized under the Michigan Builder's Trust Fund Act is senior to the government's claim for taxes.

Plaintiff counters the motion to dismiss and argues that this suit was filed within the time prescribed by section 6532(c)(2) and that the last paragraph of the district director's letter of denial estops the government from asserting the failure to file a request or sue within the time prescribed by the statute because suit was initiated within the time limits set forth in the letter. Thus, the motion to dismiss raises two issues: whether section 6532(c) deprives this court of jurisdiction to determine the merits of plaintiff's claim; and whether the district director's advice of a right to sue now estops the government from asserting this court's lack of jurisdiction. For the reasons which follow, the court concludes that this suit is untimely, that the court lacks jurisdiction, and that the government is not estopped from raising plaintiff's failure to comply with the jurisdictional prerequisites of the statute.

Section 6532(c) of Title 26 of the United States Code, limiting the time period in which the court may act on suits for wrongful levy, states as follows:

"(1) General Rule.—Except as provided by paragraph (2), no suit or proceeding under section 7426 shall be begun after the expiration of 9 months from the date of the levy or agreement giving rise to such action.

"(2) Period when claim is filed.— If a request is made for the return of property described in section 6343, [authority to release levy and return property] the 9 month period prescribed in paragraph (1) shall be extended for a period of 12 months from the date of filing of such request or for a period of 6 months from the date of mailing by registered or certified mail by the Secretary or his delegate to the person making such re-

quest of a notice of disallowance of the part of the request to which the action relates, whichever is shorter."

Stuyvesant Insurance Co. v. Dept. of Treasury, 378 F.Supp. 7 (S.D.N.Y.1974) and American Honda Motor Co. v. United States, 363 F.Supp. 988 (S.D.N.Y. 1973), agree that a failure to comply with the time period provided in the statute constitutes a jurisdictional defect. 378 F.Supp. at 10–11; 363 F. Supp. at 991–92. *Stuyvesant* and *American Honda* do not however, specifically address the problem of the interrelationship between paragraphs one and two of section 6532(c). As interpreted by those cases, section 6532(c)(1) provides that an action pursuant to Section 7426 must be commenced within nine months from the time the notice of levy was served, unless within that period the third party claimant files with IRS a request for return of the property levied upon. Section 6532(c)(2) provides further that if such request is filed, then the period within which an action may be commenced is extended for twelve months from the filing of the request, or, alternatively, for six months from the disallowance of the request, whichever is shorter. 378 F.Supp. at 9–10; 363 F.Supp. at 991; *see* Regs. § 301.6532–3(c).

The exact issue posed by plaintiff is whether it is necessary to make a request as described in subsection (2) *within* the nine month period provided in subsection (1) in order to permit an extension of the time for filing suit to the shorter of twelve (12) months from the date of the filing of this request or six (6) months from the date of denial. In this case, the request for return of the money seized was made more than 24 months after the levy and more than 21 months after the money was actually turned over to IRS.

 Section 6532(c)(2) does not by its terms require the filing of a request within the nine month cut-off period provided in section 6532(c)(1). Plaintiff urges, therefore, that he can at

any time begin a new cut-off period by filing a request for the return of funds such as was done in this case. To read the statute so narrowly, however, would be to subvert the entire thrust of its provisions. Congress intended that a short period of limitation be provided for third party claims to property seized to satisfy a taxpayer's obligations to the government. Taxpayers and the government need to have these matters determined expeditiously. To permit the filing of requests for return of property at any time to start the limitation period anew would destroy the statute's effect. The resultant interference with the government's tax collection efforts, in derogation of the clear import of this section taken as a whole, is obvious. The court holds, therefore, that a request for return of property filed under section 6532(c)(2) after the nine month period in section 6532(c)(1) has expired is not effective so as to extend the period for suit.

Plaintiff contends, however, that because he had no notice of levy or the delivery of funds to IRS that the jurisdictional statute should be construed to permit him to sue.

 Although plaintiff does not challenge the constitutionality of the levy procedure, the court notes at the outset that summary seizure of property to collect the internal revenue of the United States is constitutionally permissible. *See* Fuentes v. Shevin, 407 U.S. 67, 90–92, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); Phillips v. Commissioner, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289 (1931). Moreover, in actions for wrongful levy, the validity of the tax assessment upon which the interest of the United States is based is conclusively presumed. 26 U.S.C. § 7426(c).

 Under the applicable levy procedure, IRS has no duty to notify third party claimants of a levy. If a taxpayer refuses to pay his taxes within ten (10) days of notice of demand, IRS may levy on his property merely by serving a notice of levy on the taxpayer or on any person in possession of the taxpayer's property. 26 U.S.C. § 6331(a); Regs. § 301.6331–1(a)(1). *See* American Honda Motor Co. v. United States, *supra*, at 991–92. The law does not require the government to search to see who may have claims to the property.

In the face of an admittedly harsh statutory scheme designed to permit prompt recovery of delinquent taxes with a minimum of third party intervention, the claimant's only recourse apparently is to vigilant self-protection of his interests by pursuit of his debtor. Absent pursuit of a debtor which might unearth a notice of levy, one might assume that a claim to property has been abandoned, in which case proceedings against it deprive the claimant of nothing. *Cf.* Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 316, 70 S.Ct. 652, 658, 94 L.Ed. 865 (1950). "It is the part of common prudence for all those who have any interest in [a thing], to guard that interest by persons who are in a situation to protect it." *Id. quoting* The Mary, 13 U.S. (9 Cranch) 126, 3 L.Ed. 678 (1815).

The government's right to collect the taxes is set forth and the procedures for collection detailed in explicit provisions of the Internal Revenue Code which the government has followed in this case. That property to which plaintiff may have a valid claim was seized instead of the taxpayer's property is no reason for substituting a twisted or tortured construction of a statute for a different and more reasonable construction when the third party claimant has been given a reasonable time to assert his claims.

The final problem raised by plaintiff to which the cases construing section 6532(c) do not speak concerns the issue whether the district director's advice of a right to sue now estops the government from raising the statute of limitations. But for plaintiff's assertion of estoppel, this action is time-barred since plaintiff neither filed suit nor pressed

his claim before IRS within nine months of the date the levy was served.

To support his estoppel theory, plaintiff relies on Exchange & Savings Bank of Berlin v. United States, 226 F.Supp. 56 (D.Md.1964). In that case, the government moved to dismiss a tax refund suit because it was begun more than two years after taxpayer had filed written waivers of the requirement that it be mailed a notice of disallowance of the refund claim by IRS prior to bringing suit. Section 6532(a), a two year statute of limitations for tax refund suits, is triggered by either of two events: the date a waiver is filed or the date the Secretary mails a notice of disallowance. The two year period may also be extended by agreement of the parties.

Taxpayer in *Exchange & Savings Bank* filed waivers which contained express language indicating that the two year period would then commence to run. Several months later, IRS inadvertently mailed notices of disallowance of the claims which indicated that the two year period commenced from the date of the notices. Taxpayer initiated his action more than two years after the waivers were filed but less than two years after the notices of disallowance were mailed.

Noting that the requirements of section 6532 are jurisdictional, the court held that, in light of the manifest flexibility of section 6532(a) permitting the parties to agree to an extension of the statute, the inadvertent action of IRS in sending notices of disallowance, coupled with taxpayer's careless reliance on the notices, estopped the government from asserting that the action should be dismissed for failure to file within two years of the filing of the waivers. *Id.* at 58. More recently, Miller v. United States, 500 F.2d 1007 (2d Cir. 1974), reached the same conclusion in another section 6532(a) case.

Section 6532(a) cases do not control the present issue. Both *Exchange & Savings Bank* and *Miller* hinge upon the flexibility of section 6532(a) which permits the parties to extend the statute of limitations for tax refund suits. No such flexibility is apparent in section 6532(c), however, a markedly different provision with a short limitation period which operated without regard to the actions of the parties in this instance.

In addition, the fundamental elements of an estoppel are absent in this case. The district director's letter was mailed some 21 months after the plaintiff had lost his right to sue under section 6532(c)(1). The district director's letter of July 1 which erroneously advised plaintiff of his rights under section 6532(c)(2) could confer no greater rights on plaintiff than he already had at that time. On March 27, 1974 when plaintiff first requested return of the money subject to the levy, section 6532(c) as a whole had already stripped plaintiff of his right to sue. Thus plaintiff could not have reasonably relied on the district director's advice. At most, the government is guilty of raising false expectations on plaintiff's part. To hold otherwise would do violence to a statute of limitations deliberately shorter and stricter than that found in section 6532(a).

Based on the foregoing, the court holds that the court lacks jurisdiction to hear plaintiff's claim, which was filed some one year and six months after the statute of limitations had run. The district director's erroneous advice to plaintiff of a right to sue, occurring as it did long after the statute itself barred prosecution of this claim, does not now estop the government from asserting the statute of limitations. Therefore, the government's motion to dismiss is granted.

So ordered.