**BARRETT TREATY LIMITED, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 85 CIV 1565.**

United States District Court, E.D. New York.

Oct. 23, 1985.

Abruzzo, Clancy & Hayes, Huntington, N.Y., for plaintiff; Raymond J. Clancy, Huntington, N.Y., of counsel.

Raymond J. Dearie, U.S. Atty., E.D.N.Y., Brooklyn, N.Y., for defendant; Michael Cavanagh, Asst. U.S. Atty., Brooklyn, N.Y., of counsel.

## MEMORANDUM–DECISION AND ORDER

BARTELS, Senior District Judge.

This is an action by a party other than the taxpayer, under 26 U.S.C. § 7426, to recover monies levied upon by the Internal Revenue Service. Defendant United States of America moves to dismiss for lack of subject matter jurisdiction on the ground that there has been no waiver of the United States' sovereign immunity since the plaintiff failed to file the action within the applicable statute of limitations which is a condition of the United States' consent to be sued. The facts, construed in a light most favorable to the plaintiff, are as follows.

This case involves two corporations— Barrett Treaty *Limited* (BT Limited), a Bermuda corporation which is plaintiff herein, and Barrett Treaty *Corporation* (BT Corporation), a New York corporation which is not party to this suit. According to plaintiff, the two entities have no common stockholders and are unrelated, although plaintiff does admit that it "works with BARRETT TREATY CORP. on various transactions." Elenidis Aff. ¶ 7. The history of problems with the IRS recited by plaintiff concerns BT Corporation for the most part rather than plaintiff BT Limited and is found in the affidavit of Philip Elenidis, BT Corporation's accountant, submitted by plaintiff BT Limited in opposition to defendant's motion.

According to the Elenidis affidavit, BT Corporation filed a tax return on September 15, 1982, along with a check for $24,058 in payment of its 1981 taxes. The return apparently was not received by the IRS and in August 1983 BT Corporation sent the IRS a replacement check and a copy of the return. On December 15, 1983, BT Corporation received a letter from the IRS asking BT Corporation to show reasonable cause why its return was filed late, to which BT Corporation responded on December 23, 1983. Then on December 30, 1983, the IRS sent BT Corporation a Final Notice and Demand For Payment of penalties and interest in the amount of $15,348.84 for late filing, warning that if BT Corporation took no action within 10 days to resolve the matter, its property would be subject to levy pursuant to § 6331 of the Internal Revenue Code, 26 U.S.C. § 6331. Three months later, in late March 1984, the IRS served a Notice of Levy on the Chemical Bank of Huntington, New York, in the amount of $15,783.33, including penalties and interest to date, naming BT Corporation as the delinquent taxpayer.

According to plaintiff, BT Corporation does not and never did have an account at the Huntington Chemical Bank. Rather it was plaintiff, BT Limited, who maintained an account there and thus, according to plaintiff, the government's levy was wrongfully made on plaintiff's account rather than on BT Corporation's property.

Strangely, plaintiff BT Limited seems to have taken no action to recover its money after the allegedly wrongful levy. Instead, it was BT *Corporation*, through its accountant, Elenidis, who sought to resolve the matter informally with the IRS. Later, in January 1985, it was again BT Corporation which filed a petition in the United States Tax Court, in its own name, for refund of the monies levied. It is significant that in its petition, BT Corporation claimed that the monies levied were from "Petitioner's account" at "Petitioner's

bank", and that the only ground asserted for a refund was that BT Corporation was entitled to an abatement of the penalties, not that the account levied belonged to BT Limited or anyone else. The Tax Court dismissed BT Corporation's petition on March 15, 1985, for lack of jurisdiction since the IRS did not issue in this case a Notice of Deficiency, 26 U.S.C. § 6212, which is a prerequisite to Tax Court jurisdiction.[1]

In the interim, on January 15, 1985, Elenidis, this time on behalf of plaintiff BT Limited, sent a letter to the IRS claiming a refund of the levied money on the ground that the account belonged to BT Limited and not BT Corporation, further asserting that BT Limited was an unrelated entity not liable for any taxes. Elenidis thus has taken two different and conflicting positions regarding the ownership of the bank account. Receiving no answer from the IRS to the Elenidis letter, BT Limited filed this action under § 7426 of the Internal Revenue Code. 26 U.S.C. § 7426.

> Section 7426(a)(1) provides the following: If a levy has been made on property . . ., any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States.

Section 6532(c) of Title 26 requires that such non-taxpayer suits be commenced within nine months of the date of levy unless the non-taxpayer has filed a request with the IRS for return of the property. If such a request is made within the nine month period, the period is extended for twelve months from the filing of the request, or alternatively, for six months from the mailing by the IRS of a notice of disallowance, whichever is shorter. No such request was made here.

The United States has waived its sovereign immunity in § 7426 to permit this type of action, but the conditions which limit its consent must strictly be complied with. *Soriano v. United States*, 352 U.S. 270, 275–76, 77 S.Ct. 269, 272–73, 1 L.Ed.2d 306 (1957); *DeJesus v. Department of the Treasury*, 34 AFTR 2d 74–5090 (E.D.N.Y. 1971). As one court has explained the policy behind this limitation:

> The obvious reason for a short statute of limitations is to resolve doubts concerning the status of the taxpayer's account swiftly. If someone else successfully claims property already credited against the taxpayer's tax liability, the United States must look to other assets of the taxpayer to satisfy the taxpayer's liability. I.R.C. § 6532(c) protects the legitimate interest of the United States in requiring other claimants of the seized property to bring their claims quickly.

*United Sand and Gravel Contractors, Inc. v. United States*, 624 F.2d 733, 739 (5th Cir.1980). If a suit is commenced beyond the statutory period, the district court is without jurisdiction to entertain the action. *American Honda Motor Co., Inc. v. United States*, 363 F.Supp. 988 (S.D.N.Y. 1973).

■ In this case, the IRS's levy occurred on March 29, 1984, and plaintiff's suit was filed on April 30, 1985, some four months beyond the nine month period of limitation. Plaintiff's letter claim for a refund, made on January 15, 1985, did not extend the period since it, too, was sent beyond the nine month period.[2] Plaintiff argues, however, that BT Corporation's prior dealings with the IRS concerning the assessments against it, out of which the levy arose,

---

**1.** Apparently, a Notice of Deficiency is not required where, as here, the assessment is for penalties and interest. 26 U.S.C. § 6212(a). *See Fendler v. C.I.R.*, 441 F.2d 1101 (9th Cir.1971). In any case, plaintiff's arguments that the assessment against BT Corporation was procedurally defective are irrelevant since, for the purposes of an action under § 7426, the assessment upon which the levy is based is conclusively presumed to be valid. 26 U.S.C. § 7426(c).

**2.** Since the court finds that plaintiff's letter was untimely, it need not reach the issue, raised by the government, of the adequacy of that refund claim.

were sufficient to "put the government on notice as to what was at issue" and to give the government an opportunity to investigate the matter. Pl.Mem. in Opp., at p. 1.

▮ That argument is unpersuasive, particularly since, in those negotiations, Elenidis was representing BT Corporation. Accepting as true all the facts alleged in plaintiff's papers, the court finds nothing in the history of BT Corporation's dealings with the IRS to indicate that the IRS was given notice that anyone other than BT Corporation held an interest in the Chemical Bank account, at least until BT Limited made its request for a refund on January 15, 1985. In fact, until that time, BT Corporation consistently claimed that the money belonged to it and gave the IRS no reason to believe otherwise. In any case, the IRS is not obligated to investigate the possible existence of third persons' interests in the property upon which it levies. *American Honda Motors Co. v. United States*, 363 F.Supp. at 993 (no requirement that the IRS seek to discover security interests in property even where third person's security interest was publically recorded).

For notice to be timely, plaintiff must either file suit or make demand for a refund within nine months of the levy, in conformance with 26 U.S.C. §§ 7426 and 6532(c). Plaintiff has done neither in this case and the court therefore has no option but to dismiss the action for lack of jurisdiction.

SO ORDERED.