**Beresford WILLIAMS, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 1756, Docket 91–6065.

United States Court of Appeals, Second Circuit.

Argued Aug. 14, 1991.

Decided Oct. 10, 1991.

Beresford Williams, Brooklyn, N.Y., pro se.

Shirley D. Peterson, Asst. U.S. Atty. Gen., Washington, D.C. (Andrew J. Maloney, U.S. Atty. E.D.N.Y., Brooklyn, N.Y., Gary R. Allen, David English Carmack, Curtis C. Pett, Tax Div., Dept. of Justice, Washington, D.C., of counsel), for defendant-appellee.

Before MINER, WALKER and McLAUGHLIN, Circuit Judges.

MINER, Circuit Judge:

Plaintiff-appellant, Beresford Williams, appeals from a judgment entered on March 1, 1991 in the United States District Court for the Eastern District of New York (Nickerson, J.) dismissing an action commenced against defendant-appellee, the United States. In the suit, Williams sought to recover $30,563, plus interest and costs, which he alleged had been collected wrongfully by the Internal Revenue Service ("IRS") pursuant to a notice of levy issued to the New York City Police Department ("police department"). The district court found that the action was untimely under 26 U.S.C. § 6532(c) (1988). Williams contends that the district court applied the wrong statute of limitations and that, because he filed his complaint within ten months of the IRS's denial of his request for the levied money, the action is timely.

We reject this argument and affirm the judgment of the district court.

## BACKGROUND

In October 1982, Williams and one Dudley Pendley were arrested by a New York City police officer. Incident to the arrest, the officer seized $30,753 in cash, a large amount of marijuana and an automobile registered in the name of Pendley's wife, Vivian. Vivian Pendley filed a claim with the police department for the money and car.

In January 1983, the IRS assessed a $26,899 tax deficiency against Vivian Pendley for 1982, based on its determination that her reported taxable income for that year was insufficient to account for the automobile and the seized cash. The IRS also assessed additions to the tax deficiency for failure to pay, negligence and fraud, pursuant to 26 U.S.C. §§ 6651(a), 6653(a)(1), (2), 6654 and 6661. On July 22, 1983, the IRS issued to the police department a notice of levy on the cash, claiming the money for the purpose of satisfying Vivian Pendley's tax deficiency. Shortly thereafter, Vivian Pendley withdrew her claim.

In March 1987, Williams filed a claim for the seized money with the police department. The police department denied the claim in December 1987, informing Williams that the money had been forfeited. In January 1988, the police department turned over the money to the IRS pursuant to the notice of levy. In April 1988, Williams filed a claim for the money with the IRS, alleging that the money represented proceeds from his candy store and belonged to him. On November 21, 1988, the IRS issued a Notice of Disallowance denying his claim. Apparently, the Notice of Disallowance form received by Williams included language indicating that he had two years in which to commence a court action to recover the money.

Williams filed this action in September 1989. The United States moved to dismiss on the ground that the action was time-barred under 26 U.S.C. § 6532(c), which governs actions for wrongful levy. In a Memorandum and Order dated February 19, 1991, the district court dismissed the

complaint for lack of jurisdiction. Judge Nickerson found that Williams' action was time-barred under the nine-month statute of limitations of section 6532(c)(1) because it was filed more than six years after the notice of levy was issued. The district court further found that Williams was not eligible for the extension provided by section 6532(c)(2) because he filed his request with the IRS nearly five years after the levy. Williams timely appealed from the judgment.

## DISCUSSION

When an action is brought against the United States government, compliance with the conditions under which the government has agreed to waive sovereign immunity is necessary for subject matter jurisdiction to exist. *Long Island Radio Co. v. National Labor Relations Bd.*, 841 F.2d 474, 477 (2d Cir.1988). Accordingly, the statute of limitations may operate in suits against the United States not only as an affirmative defense, *see* Fed.R.Civ.P. 8(c), but also may deprive a court of subject matter jurisdiction over an action that is not timely filed. *Dieckmann v. United States*, 550 F.2d 622, 623 (10th Cir.1977) (per curiam); *Carlos v. New York State Dep't of Taxation*, 531 F.Supp. 359, 362 n. 6 (N.D.N.Y.1981). Although several district courts of this Circuit already have analyzed the issue of time limitations on suits against the United States for wrongful levy, we consider the issue for the first time.

Williams argues that a two-year statute of limitations, running from the date of the IRS's denial of his claim for the money, applies to this action. This contention confuses an action for wrongful levy with an action challenging the denial of a tax refund, which carries a two-year statute of limitations, *see* 26 U.S.C. § 6532(a)(1). It is undisputed that the IRS did not levy upon the seized money to satisfy any tax debts owed by Williams, and his standing to bring this suit is not predicated on his status as a taxpayer. Yet, apparently, Williams' claim filed with the IRS in April 1988 was denominated as a tax refund claim, and the IRS issued on November 21, 1988 a Notice of Disallowance denying the refund request.

In any event, notwithstanding the advisement on the form received by Williams, the two-year period set forth in section 6532(a)(1) for a refund of taxes does not apply here. The sole remedy available to an individual such as Williams, who claims an interest in property that has been levied upon by the IRS for the purpose of satisfying the tax liability of another person, is a wrongful levy action asserted under 26 U.S.C. § 7426(a)(1). *See Winebrenner v. United States*, 924 F.2d 851, 854–55 (9th Cir.1991); *Trust Co. of Columbus v. United States*, 735 F.2d 447, 448 (11th Cir. 1984); *United Sand & Gravel Contractors, Inc. v. United States*, 624 F.2d 733, 739 (5th Cir.1980). Thus, the timeliness of Williams' action must be determined by 26 U.S.C. § 6532(c). *See* 26 U.S.C. § 7426(h).

"[N]o suit or proceeding under section 7426 shall be begun after the expiration of 9 months from the date of the levy...." *Id.* § 6532(c)(1). Where the claimant makes an administrative claim for return of the property, this time limitation is extended either by twelve months from the date of the claim or by six months from the date on which the IRS mails the Notice of Disallowance of the request, whichever extension is shorter. *Id.* § 6532(c)(2).

Contrary to Williams' contention that the nine-month period began to run when he received a Notice of Disallowance in November 1988, service of the notice of levy on the possessor of the property triggers the running of the statute of limitations for purposes of section 6532(c). *Winebrenner*, 924 F.2d at 855 & n. 5; *State Bank of Fraser v. United States*, 861 F.2d 954, 967 (6th Cir.1988); *Stuyvesant Ins. Co. v. Department of the Treasury*, 378 F.Supp. 7, 10 (S.D.N.Y.1974). Notice of the levy to all potential competing claimants to the property would be impractical and overly burdensome on the government and, therefore, is not required. *Dieckmann*, 550 F.2d at 624; *American Honda Motor Co. v. United States*, 363 F.Supp. 988, 991–92 (S.D.N.Y.1973). Here, the limitations

period began to run on July 22, 1983, when the police department, as possessor of the seized money at that time, received the notice of levy. The present action was initiated more than six years later and clearly is time-barred.

■ The statutory extension of the time limitation is not implicated in this case. Although section 6532(c) does not require expressly that the administrative claim for return of the property be filed within the nine-month period in order to receive an extension, such a requirement is implicit: "[i]f the nine month period during which a suit must be filed could be extended by filing a request after the nine month period has ended, the nine month rule would be without effect, and there would be no effective limitation period." *United Sand & Gravel,* 624 F.2d at 736; *see also Barrett Treaty Ltd. v. United States,* 624 F.Supp. 166, 168 (E.D.N.Y.1985); *American Honda,* 363 F.Supp. at 991. Thus, the statutory extension is not applicable because Williams' administrative claim was submitted to the IRS more than nine months after the IRS levied upon the money. Furthermore, even if the administrative request in this case was timely filed, section 6532(c) would only extend the limitations period to April 1989, five months before this action was filed.

■ Finally, Williams argues that, by issuing to him a Notice of Disallowance which provided that a taxpayer has two years to file a civil suit challenging the disallowance of a refund, the IRS "deceived an unwary taxpayer." However, the mistaken advisement by the IRS does not require that Williams' action be allowed to proceed, since subject matter jurisdiction may not be created by estoppel or consent of the parties. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinea,* 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982); *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 17–18, 71 S.Ct. 534, 541–42, 95 L.Ed. 702 (1951); *Long Island Radio,* 841 F.2d at 478.

## CONCLUSION

The judgment of the district court is affirmed.