Richard R. DIECKMANN et
al., Appellants,

v.

UNITED STATES of America et
al., Appellees.

No. 75–1992.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Nov. 19, 1976.

Decided Feb. 18, 1977.

Rehearing Denied April 7, 1977.

Sanford B. Hertz, Denver, Colo. (Robert M. Bearman, Denver, Colo., with him on the brief), for appellants.

Wynette J. Hewett, Atty., Tax Division, Dept. of Justice, Washington, D.C. (Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Crombie J. D. Garrett, and Libero Marinelli, Jr., Attys., Tax Division, Dept. of

Justice, Washington, D.C., James L. Treece, U.S. Atty., and David T. Fisher, Asst. U.S. Atty., Denver, Colo., with him on the brief), for appellees.

Before SETH and HOLLOWAY, Circuit Judges, and CHILSON, Senior United States District Judge.*

PER CURIAM.

The appellants appeal the dismissal for lack of subject matter jurisdiction in their suit to recover funds asserted to be theirs which were used to satisfy the tax liability of another. The appellants alleged that, together with members of their class, they had entrusted a sum of approximately $800,000.00 with Continental Silver Corporation to be used to purchase silver. The Internal Revenue Service levied on the funds to satisfy the tax liabilities of Continental Silver and its president, Chess Wilbur Barr III. This levy was asserted to be wrongful because Continental's only interest in the money was that of a fiduciary or bailee.

The appellants sued the United States along with the Internal Revenue Service, the Department of the Treasury, and several IRS employees. All except the United States were dismissed because the IRS and Treasury were not separate legal entities, and 26 U.S.C. § 7426(d) barred suit against revenue officials for such a levy. Furthermore, the court held that section 7426 also required that the person bringing the suit be one who has an actual proprietary interest in the property levied upon. The District Attorney of Boulder had been named but he was dismissed as not being a proper party since he had no interest.

The suit was subsequently dismissed for lack of subject matter jurisdiction, the court holding that the time limitation under section 6532(c) for the waiver of sovereign immunity under section 7426(a)(1) is nine months from the date of levy, and the appellants brought their suit fourteen months after the levy. The suit was framed as an equitable action for an accounting for the funds, and jurisdiction was alleged under 28 U.S.C. § 1331(a) and 28 U.S.C. § 1346(a)(1). The appellants are appealing the dismissal as to the United States for lack of subject matter jurisdiction.

The appellants urge three points to reverse the trial court's action. It is argued that the question of timeliness was improperly raised in a motion to dismiss and that a standard applicable to laches is the proper measure of timeliness. The basic issue is whether or not the statute of limitations commenced to run until the appellants had knowledge of the levy. All three of these issues come within 26 U.S.C. §§ 7426 and 6532. These sections set out the time, the manner, and other provisions relating to such a suit as this against the United States. *Jones v. Tower Production Co.,* 120 F.2d 779 (10th Cir.).

Ordinarily the matter of limitations is raised as an affirmative defense, but when the United States is sued under the statute here considered, the time expressed becomes a jurisdictional issue. The consent of the United States to be sued is usually held to be conditioned upon bringing the action within the time provided. The consent is the only source of subject matter jurisdiction. Thus it was proper for defendants to raise the nine-month limitation under section 6532 in a motion to dismiss for lack of subject matter jurisdiction. *American Honda Motor Co., Inc. v. United States,* 363 F.Supp. 988 (S.D.N.Y.); *De Gregory v. United States,* 395 F.Supp. 171 (E.D.Mich.). The appellants argue that in the alternative the motion should be for summary judgment. But the same result would follow. *Stuyvesant Insurance Co. v. Department of Treasury,* 378 F.Supp. 7 (S.D.N.Y.); *St. Paul National Bank v. United States,* 320 F.Supp. 1066 (S.D.Iowa).

As for the doctrine of laches, the appellants have made their complaint an equitable action to impress a trust, or to seek an accounting for the funds levied upon, and alleging that jurisdiction is conferred by 28 U.S.C. §§ 1331(a) and

---

* Of the District of Colorado, Sitting by Designation.

1346(a)(1). However, only a taxpayer may sue under section 1346, not a nontaxpayer. The United States has consented to a civil action for wrongful levy under section 7426 by a nontaxpayer subject to a nine-month limitation under section 6532(c). Although an equitable action may be asserted, the United States has not consented to a suit where the doctrine of laches governs the timeliness of the action. A specific time period is provided instead. Waivers of sovereign immunity are to be strictly construed, and the doctrine of laches is not applicable under section 7426. *United States v. Michel,* 282 U.S. 656, 51 S.Ct. 284, 75 L.Ed. 598; *Dry Creek Lodge, Inc. v. United States,* 515 F.2d 926 (10th Cir.).

Appellants have also urged that they have been injured by fraud when the IRS seized this property with full knowledge of the circumstances and the reason it was sent to Continental. It is alleged that the IRS knew of this because of the investigations and prosecutions by the SEC and the State of Colorado of Continental for its fraudulent schemes which victimized the appellants. Furthermore, it is alleged that the United States also seized unendorsed checks payable to Continental and drawn by the appellants. Because of the fraud by the IRS, appellants argue, the period of limitations should not commence until appellants had knowledge of the levy.

In the ordinary rules of construction, 26 U.S.C. § 7426 does not impose a duty on the United States to give notice to a possible third-party claimant or to search for them. *De Gregory v. United States,* 395 F.Supp. 171 (E.D.Mich.); *American Honda Motor Co., Inc. v. United States,* 363 F.Supp. 988 (S.D.N.Y.). In *American Honda* the district court held that there was no duty to notify a taxpayer's creditors of a levy even when a purchase money agreement was on file. The nine-month limitation begins to run from the date of the levy, and exceptions or expansion of consents to be sued are not to be implied. *Soriano v. United States,* 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306; *United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058;

*United States v. Michel,* 282 U.S. 656, 51 S.Ct. 284, 75 L.Ed. 598. This case does not come within the exceptions generally alluded to in *American Pipe & Construction Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713. Without a duty to give notice, the lack of knowledge by the appellants does not toll the statute of limitations.

The law has always imposed a duty on the owners of property to exercise some reasonable duty to care for it. In ordinary commercial transactions and in speculative ventures, this duty or burden exists. We must assume that Congress in fixing the nine-month period in section 6532 within which an action may be brought assumed that owners of property would exercise reasonable diligence in looking after it. Thus the period within which the action may be brought under section 6532 was designed to provide an opportunity to a person of reasonable diligence (in keeping track of his own property) to discover if someone with whom it had been entrusted no longer had it in his possession. Thus the period was fixed and it will be applied. We must also assume that this was the time fixed to permit the agency to function with some reasonable dispatch. Some balance had to be reached between the rights and duties of the individual, and of the needs of the governmental machinery.

AFFIRMED.