**R. Bustamante CARLOS, a.k.a. Don Juan, President, Chairman, Treasurer, Carlos Manufacturing Corporation, Plaintiffs,**

v.

**NEW YORK STATE DEPT. OF TAXATION, New York City Police Property Clerks, United States, United States Secretary of Treasury, New York State Attorney General, Defendants.**

No. 81–CV–15.

United States District Court, N. D. New York.

Dec. 8, 1981.

---

R. Bustamante Carlos, plaintiff, pro se.

Michael Julian, New York City, for defendant New York City Police Dept.

George H. Lowe, U. S. Atty., N. D. N. Y., Syracuse, N. Y., Robert Abrams, Atty. Gen. of the State of N. Y., George A. Yanthis, Asst. U. S. Atty., Robert M. Kane, Trial Atty., Tax Div., Dept. of Justice, Ellen Lacy

Messina, Asst. Atty. Gen., Albany, N. Y., for defendants.

MINER, District Judge.

## MEMORANDUM—DECISION and ORDER

### I.

Plaintiffs claim that an unlawful levy was made by the Government upon their property, cash in the sum of $593,080, and they seek to recover that property in this action.[1] Jurisdiction is founded upon 26 U.S.C. § 7426(a). Contending that the action is time-barred, defendant United States moves for dismissal of the amended complaint, pursuant to Rule 12(b) Fed.R. Civ.P., for lack of subject matter jurisdiction.[2] No papers in opposition to the motion have been filed.[3]

### II.

According to the Government's version of the events preceding seizure of the cash, one Heriberto Castro was a passenger on TWA Flight No. 8 from Los Angeles, California to New York City on March 20, 1978. Mr. Castro's baggage arrived on a later flight by way of Pittsburgh. At the Pittsburgh stop, airline employees noticed U. S. currency protruding through a tear in the baggage. By the time the baggage arrived in New York, police officers had been alerted. The seizure was made and an inventory disclosed cash totalling a sum which is the subject of this lawsuit. Although Mr. Castro claimed ownership of the baggage, he disclaimed ownership of the cash contents, asserting that one "Juan" had asked him to bring the money to New York. News reports of the disclaimer appeared in the media on March 21 and March 22, 1978.

1. The action originally was commenced in the New York Supreme Court, Albany County, and was removed to this Court on the petition of the United States pursuant to 28 U.S.C. § 1441.

2. A prior motion on the same ground was denied without prejudice. Thereafter, the amended complaint was served.

3. Plaintiffs were afforded two-ten day extensions to file papers in opposition. A motion by plaintiffs, returnable November 30, 1981 (not a designated motion day of this Court, Rule 10, General Rules of the Northern District of New York) was filed on November 6, 1981. Although it is difficult to glean from the motion papers the relief sought by plaintiffs, it appears that plaintiffs seek denial of the Government's motion as well as ". . . felony warrants against all of said defendants. . . ." There is no merit whatsoever in plaintiffs' motion, but the papers submitted therewith have been read by the Court in connection with the motion at bar.

On March 22, 1981, the Internal Revenue Service determined that the total sum seized was income to Mr. Castro, that collection of the tax from him was in jeopardy, and that his tax year should be terminated and taxes paid pursuant to 26 U.S.C. § 6851. An assessment in the sum of $398,-966 for the terminated year was made and a notice of levy was served, on March 23, 1978, upon the New York Police Property Clerk, who remains in possession of the entire sum seized.

### III.

Plaintiff R. Bustamante Carlos appeared at Kennedy International Airport on March 23, 1978 and made claim to the seized funds. On the same day, he filed a written claim (IRS Form 843) with the Director of Internal Revenue, Brooklyn, New York, for the return of the funds. It was alleged in the claim that the money confiscated belongs to Carlos Manufacturing Corporation and that Mr. Castro and his wife were acting as agents for the individual plaintiff, the president of the corporation.

According to information furnished by the Government, plaintiffs commenced action against the Internal Revenue Service for return of the money in the United States District Court for the Eastern District of New York on July 6, 1978. Apparently, that action was dismissed on May 16, 1980 for failure to serve an amended complaint pursuant to Court order. The present action was commenced in New York Supreme Court sometime after December 10, 1980.[4]

In the amended complaint, in the present action, plaintiffs allege that they transported $600,000 in cash, taken from an office safe, to Los Angeles for the purpose of purchasing real estate. They further allege that the purchase was not made and that the funds were placed in the temporary custody of Mr. and Mrs. Castro for the sole purpose of return to New York City, that the Castros arrived late for Flight No. 8, necessitating the transfer of the baggage containing the funds to a later flight, that the baggage tickets were given to the Castros after the baggage was removed by plaintiffs from a locker to the departure room at Los Angeles Airport and that the Castros have disclaimed any right to the funds. The dates of levy and claim stated in the amended complaint are the same as set forth by the Government in its moving papers.

### IV.

A person who claims an interest in property wrongfully levied upon by the United States is entitled to bring a civil action against the Government in a United States District Court, if he is a person other than the person against whom is assessed the tax out of which the levy arose. 26 U.S.C. § 7426(a)(1). Plaintiffs are persons entitled to bring action under these provisions. However, they are subject to a statute of limitations governing such actions. 26 U.S.C. § 6532.

█ A plaintiff whose property has been levied upon to satisfy the tax liability of another must bring suit to recover that property within nine months after the levy. 26 U.S.C. § 6532(c)(1); *Dieckmann v. United States*, 550 F.2d 622 (10th Cir. 1977). Where, as here, a request for return of the property is filed, the nine months period is extended for a period of 12 months from the date of the filing of the request. 26 U.S.C. § 6532(c)(2);[5] *St. Paul National Bank v. United States*, 320 F.Supp. 1066

---

**4.** An action is commenced in the New York Supreme Court by service of a summons. N.Y. Civ.Prac.Law § 304. Although it is not apparent when the summons was served, the signatures of the individual plaintiff on the complaint, and on the summons, were notarized on December 10, 1980. A copy of the summons furnished to the Court bears a time stamp of the Albany County Clerk indicating filing on December 10, 1980. Hence the Court's conclusion that the action was commenced on or after December 10, 1980.

**5.** Where the Secretary of the Treasury mails a notice disallowing the claim, the time for filing suit is extended only for a period of six months from the date of mailing. Apparently no notice of disallowance was mailed to plaintiffs.

(S.D.Iowa 1970). The date of levy is the date on which the notice of levy is served. *American Honda v. United States*, 363 F.Supp. 988 (S.D.N.Y.1973).[6]

 Since the formal request for return of the property was made on March 23, 1978, and since this action was not commenced until on or after December 10, 1980, more than 32 months later, this action is time-barred. Accordingly, the Government's motion to dismiss is granted.

It is so Ordered.

---

**6.** According to *American Honda* and *Dieckmann, supra*, the consent of the Government to be sued, within the time provided, is a matter of subject matter jurisdiction. Although the statute of limitations ordinarily is raised as an affirmative defense, Rule 8(c) Fed.R.Civ.P., the motion at bar therefore is appropriate. Rule

12(b)(1) Fed.R.Civ.P. A motion to dismiss for failure to state a claim also is appropriate where the complaint shows on its face that the affirmative defense is applicable. Rule 12(b)(6) Fed.R.Civ.P. *Bethel v. Jendoco Construction Corp.*, 570 F.2d 1168 (3rd Cir. 1978).