EXPOIMPE, a Panamanian Corporation, Plaintiff,

v.

UNITED STATES of America, and Forty Two Thousand Seven Hundred Ninety Eight and 95/100 Dollars in United States Currency ($42,798.95), Defendants.

No. 83–2983–Civ–Spellman.

United States District Court, S.D. Florida, Miami Division.

April 24, 1985.

Jorge Rodriguez-Chomat, Miami, Fla., for plaintiff.

Richard F. Mitchell, Tax Div., Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS AND ORDER OF DISMISSAL

SPELLMAN, District Judge.

This case was filed as a "Petition for Remission" by Expoimpe, a Panamanian corporation. According to the petition, Expoimpe buys and sells various currencies including United States dollars. Expoimpe seeks the return of $42,798.95 seized by the Drug Enforcement Administration from an account at Banco de Iberoamerica in Miami, Florida, pursuant to a Seizure Warrant dated June 29, 1982, issued by a United States Magistrate. No forfeiture proceedings were ever instituted and Expoimpe requests an immediate return of the funds.

The United States filed a motion to dismiss in which it argued that this Court did not have jurisdiction over the currency in question and that any action by Expoimpe to recover the funds is barred by the statute of limitations. According to the United States, approximately one week after the seizure, the Internal Revenue Service levied the funds based on a tax assessment of a woman named Susie Schuster. In accordance with this Court's Order of February 14, 1985, the United States has submitted affidavits establishing that the funds in question were indeed levied by the Internal Revenue Service on July 7, 1982.

The United States contends that since the funds were levied by Internal Revenue Service, Expoimpe's request for the return of the money is governed by the statutory provisions concerning wrongful levy and that this action is barred by the time limitations contained in 26 U.S.C. § 6532(c). For the reasons stated below, this Court agrees.

The exclusive remedy for a third party who claims an interest in property that has been levied by the United States, is an action for wrongful levy pursuant to 26 U.S.C. § 7426. That provision waives sovereign immunity and defines the kind of relief that can be granted. The doctrine of sovereign immunity would bar suit except under this provision. Since it has been established that the funds were levied by the I.R.S., the only way that this Court could have jurisdiction to grant the requested relief is if Expoimpe's "petition" is considered an action for wrongful levy.

Suits for wrongful levy are governed by the time limitations in Section 6532(c) which provides that suit must be filed within nine months of the date of levy unless a request is made for return of the property. If such a request is made, the time within which to file suit is extended to the shorter of twelve months from the filing of the request or six months from notification of the denial of the request.

In the present case, the date of levy was July 7, 1982. Expoimpe did not bring suit until December 7, 1983, well beyond the nine month limitation. The only contact that Expoimpe had with the Internal Revenue Service during this period was a letter written by its attorney to the I.R.S. dated August 20, 1982 in which he protests that the "levy on the bank account 'Expoimpe' is wrongful ..." Even if this could be considered a formal request for return of property which would toll the statute of limitations, it could not hold the statute beyond 12 months of its submission, or beyond August 20, 1983. Thus under the statutory provisions governing wrongful levy, the instant action is time-barred.

Expoimpe argues that it should not be barred from pursuing this suit for several reasons. First, it argues that the provisions of the I.R.S. Code should not govern this action. According to Expoimpe, the real issue here is the failure of the United States to institute forfeiture proceedings.

Because such proceedings were not instituted, and the United States did not receive the Court's permission to otherwise disburse the funds, Expoimpe is entitled to their return. Under this theory, the Internal Revenue Service had no authority to levy funds that were being held by the DEA subject to forfeiture. The Court finds that this argument is completely without merit.

When a taxpayer fails to pay his taxes within 10 days of notice and demand, the Internal Revenue Service is authorized to collect the tax "by levy upon all property and rights to property (except property as is exempt under section 6334) belonging to such person or on which there is a lien provided ..." 26 U.S.C. § 6331. The exemptions to this provision are listed in Section 6334(a) of Title 26 and include such items as wearing apparel, personal effects, unemployment compenstion and workers compensation. The all-pervasive reach of the power to levy is underscored by subsection 6334(c) which provides that "[n]otwithstanding any other law of the United States, no property or rights to property shall be exempt from levy other than the property specifically made exempt in subsection (a)." Thus, the power of the I.R.S. to levy "reaches all property whether in possession of the owner or in the possession of third parties or agencies." *Field v. United States*, 263 F.2d 758, 763 (5th Cir.), *cert. denied*, 360 U.S. 918, 79 S.Ct. 1436, 3 L.Ed.2d 1534 (1959). *See also United Sand and Gravel Contractors v. United States*, 624 F.2d 733, 734, 736–37 (5th Cir. 1980) (levy authorization reaches property which is in the hands of an agency of the United States). It therefore was not improper for the I.R.S. to levy funds that had been previously seized by the Drug Enforcement Administration.

Because the funds were levied by the I.R.S., there is no longer a need to institute forfeiture proceedings. The United States is not claiming any right to maintain the funds on the basis of the original seizure. Rather, its claim rests entirely upon the levy by the Internal Revenue Ser-

vice. Accordingly, whether the United States properly has the funds depends upon the validity of the of the levy and must be tested in procedures properly instituted pursuant to the Internal Revenue Laws. *See United States v. Freedman*, 444 F.2d 1387, 1388 (9th Cir.1971).

Expoimpe also argues that the statute of limitations should not bar this action because it did not receive notice that its funds had been levied by the I.R.S. Indeed, Expoimpe claims that it first learned that its money had been seized by the I.R.S. when its attorney received a copy of the Motion to Dismiss filed by the United States. This argument is also without merit.

There is no duty upon the United States to notify possible third party claimants when property has been levied. *Dieckmann v. United States*, 550 F.2d 622, 624 (10th Cir.1977). Rather, the law imposes a duty upon property owners to exercise reasonable care in protecting it. "Congress in fixing the nine-month period in section 6532 within which an action may be brought assumed that owners of property would exercise reasonable diligence in looking after it." *Id.* The nine month period provides an opportunity for someone of reasonable diligence to discover a levy and to lay claim to the property. The limitations period begins to run from the date of levy and "exceptions or expansion of consents to be sued are not to be implied." *Id.* Because there is no duty to give notice, the lack of knowledge of a third party does not toll the statute of limitations.

Moreover, notwithstanding the representations made by Expoimpe in its pleadings that it did not know of the I.R.S. levy, the record in this matter indicates that it was on notice of the levy. The attorney that Expoimpe hired to represent the corporation in this matter, Mr. Raymond Takiff, wrote a letter to the Internal revenue Service in August of 1982 in which he complained of the levy on the Expoimpe bank account. Thus, Expoimpe's agent had notice but apparently failed to take the proper steps to present Expoimpe's claim.

In sum, this Court finds that this "petition" must be treated as a suit for wrongful levy pursuant to 26 U.S.C. § 7426. Because Expoimpe failed to bring this action within the time provided by section 6532(c), this Court does not have jurisdiction. Accordingly, the defendant's Motion to Dismiss is GRANTED and this cause is DISMISSED. In light of this ruling, all other motions that are presently pending are moot.