**Beverly Gail HAYWOOD, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 85 1698.

United States District Court, D. Kansas.

July 8, 1986.

Ordered Aug. 6, 1986.

Philip Everett Crowther, Wichita, Kan., for plaintiff.

William J. Dean, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., Karen Humphreys, Asst. U.S. Atty., Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on defendant's motion to dismiss or, alternatively, for summary judgment. In her original complaint filed June 17, 1985, plaintiff sought to enjoin the Internal Revenue Service (IRS) from enforcing a levy or seeking further levies against her to collect the assessed taxes, penalties and interest for the calendar years 1978 and 1979 due from the estate of Jon M. Haywood. Defendant moved to dismiss plaintiff's complaint arguing the case was moot since the levy had been released. Plaintiff responded that there was a possibility of the IRS again mistakenly levying upon her for the debts of the estate, unless the IRS formally acknowledged that she was not liable for those debts.

Plaintiff was thereafter allowed to amend her complaint, retaining her claim for injunctive relief and adding a claim for the unauthorized disclosure of return information pursuant to 26 U.S.C. § 7431(a)(1). Defendant then moved to dismiss this action or, alternatively, for summary judgment arguing in part that the only information disclosed was that of the estate of plaintiff's husband and that the court lacked subject matter jurisdiction of this action.

Plaintiff was married to Jon M. Haywood from 1972 until his death on January 9, 1980. They filed joint returns from 1972 to 1977. In 1978 and 1979, neither of them filed tax returns. Plaintiff filed a joint tax return for 1980 and later submitted a separate tax return for 1979. Plaintiff never filed a return for 1978.

On March 19, 1984, the IRS sent a Notice of Deficiency to plaintiff, as administratrix of the estate of Jon M. Haywood, relating the tax liability of Jon M. Haywood for the years of 1978 and 1979. In reply, plaintiff asked whether the deficiency only applied to the estate. In April 1984, the IRS responded that the deficiency only applied to the estate of her deceased husband. On September 24, 1984, the IRS sent a Notice of Assessment addressed only to Jon M. Haywood. On November 23, 1984, the IRS mailed a Request for Payment of Taxes addressed to "Jon M. Haywood" and "Beverly R. Haywood." In December of 1984, another Request for Payment was sent with the same address. On January 11, 1985, the IRS mailed a Notice of Intent to Levy addressed the same. On January 21, 1985, plaintiff mailed a letter to the IRS stating that Jon M. Haywood was deceased, that there were no assets in the estate, and that Jon M. Haywood had filed separate returns for the years in question.

On February 2, 1985, the IRS sent a Notice of Levy to plaintiff's employer, Slawson Companies, which listed the tax liability of her deceased husband, her taxpayer identifying number, and the name of the taxpayer as follows:

Jon M. Dec'd & Beverly G. Haywood

Beverly G. Haywood

1808 Greenfield

Wichita, KS 67217

After receiving a phone call on February 15, 1985, from Jack Nutter, corporate counsel to Slawson Companies, the IRS mailed a release of the levy to Slawson Companies

on February 17, 1985, pursuant to 26 U.S.C. § 6343.

■ Considering first defendant's motion to dismiss the plaintiff's claim for injunctive relief as moot, the court sustains the motion. Where a case has become moot, it should be dismissed. *United States v. W.T. Grant Co.*, 345 U.S. 629, 632, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953). While the voluntary cessation of allegedly illegal conduct may not render a case moot, if defendant shows that "there is no reasonable expectation that the wrong will be repeated," the case is moot. *Id.* at 632–33, 73 S.Ct. at 897, *quoting United States v. Aluminum Co. of America*, 148 F.2d 416, 448 (2d Cir.1945). *See also Blinder, Robinson & Co., Inc. v. U.S.S.E.C.*, 692 F.2d 102, 106–07 (10th Cir.1982), *cert. denied,* — U.S. ——, 105 S.Ct. 2655, 86 L.Ed.2d 272 (1985). Plaintiff concedes the levy has been released but believes the danger of recurrence could only be eliminated by a formal acknowledgment from defendant that plaintiff is not liable for these taxes. In her affidavit, Lorna Bradford, an employee with the IRS for the past nineteen years, states that in August of 1985 plaintiff's name was removed from the computerized assessment records for Jon M. Haywood's account for the tax years 1978 and 1979, and that the computer has been programmed to reflect that Jon M. Haywood is deceased and to list only the name of Jon M. Haywood on the tax account for the years of 1978 and 1979. Ms. Bradford further averred that based upon her information and belief, these measures would prevent future inappropriate collection activity.

The court is persuaded that in light of the corrective changes made to the IRS computer there is no reasonable expectation of future wrongful collection efforts for these debts being taken against plaintiff. The court therefore finds plaintiff's claim for injunctive relief to be moot.

Plaintiff's other claim for relief is grounded on 26 U.S.C. § 7431, which provides in pertinent part:

(a) *In general.*—

(1) *Disclosure by employee of United States.*—If any officer or employee of the United States knowingly, or by reason of negligence, discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

. . . .

(b) *No liability for good faith but erroneous interpretation.*—No liability shall arise under this section with respect to any disclosure which results from a good faith, but erroneous, interpretation of section 6103.

. . . .

(e) *Return; return information.* —For purposes of this section the terms "return" and "return information" have the respective meanings given such terms in section 6103(b).

Section 6103(b) of chapter 26 U.S.C. defines the following relevant terms:

(2) *Return information.*—The term "return information" means—

(A) a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions,. . . .

. . . .

(6) *Taxpayer identity.*—The term "taxpayer identity" means the name of a person with respect to whom a return is filed, his mailing address, his taxpayer identifying number (as described in section 6109), or a combination thereof.

. . . .

(8) *Disclosure.*—The term "disclosure" means the making known of any person in any manner whatever a return or return information.

The taxpayer's identifying number is his or her social security number. 26 U.S.C. § 6109(d).

Defendant argues that the notice of levy mistakenly listed the tax liability of Jon M. Haywood for 1978 and 1979 as the joint tax liability of Jon M. and Beverly G. Haywood. Defendant concludes the only re-

turn information disclosed to plaintiff's employer was that of plaintiff's deceased husband and not that of plaintiff. On this basis, defendant challenges whether a claim for relief has been stated and whether the court has subject matter jurisdiction of an action brought outside the required elements of 26 U.S.C. § 7431.

Plaintiff aptly refers the court to the definitions of "return information," "taxpayer identity," and "taxpayer identifying number." The court agrees that the notice of levy sent to plaintiff's employer contained "return information" as defined by these statutory provisions. Plaintiff's complaint adequately sets forth allegations regarding "return information."

Defendant also contends this court is deprived of subject matter jurisdiction as the appropriate and exclusive remedy in such a situation is an action for wrongful levy (26 U.S.C. § 7426). Plaintiff does not address the matter of an exclusive remedy other than to note that defendant stipulated in the original scheduling order that this court has subject matter jurisdiction.

It is well recognized that the parties' stipulation does not confer the court with subject matter jurisdiction and that a court has the duty to question its jurisdiction. *Amalgamated Sugar Co. v. Bergland,* 664 F.2d 818, 822 (10th Cir.1981); *First State Bank, Etc. v. Sand Springs State Bank,* 528 F.2d 350, 353 (10th Cir.1976).

In a suit against the United States, the government's consent to be sued is the only source of subject matter jurisdiction. *Dieckmann v. United States,* 550 F.2d 622, 623 (10th Cir.1977); *see also United States v. Mitchell,* 445 U.S. 535, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). Waivers of sovereign immunity are strictly construed in favor of the sovereign. *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 685, 103 S.Ct. 3274, 3277, 77 L.Ed.2d 938 (1983); *Dieckmann,* 550 F.2d at 624. The United States has consented to be sued for wrongful levy as set out in 26 U.S.C. § 7426:

§ *7426. Civil action by persons other than taxpayers*

(a) *Actions permitted.—*

(1) *Wrongful levy.*—If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary or his delegate.

Plaintiff's cause of action is grounded in the defendant's service of a notice of levy upon her employer to collect a tax debt for which she was not liable. In other words, plaintiff argues that regarding this tax liability she is not the taxpayer, but merely a third party. In her amended complaint, plaintiff's allegations focus on the defendant's failure to establish her liability before serving the notice of levy upon her employer. A tangential consequence of defendant's mistaken efforts was the alleged disclosure of her name and social security number in the notice of levy. The damages for which relief is sought by plaintiff do not flow from any alleged disclosure of these matters since plaintiff's name and social security number can be assumed as already known by the employer for purposes of tax records. The damages, if any, are a consequence of the mistaken attempt to levy upon her wages. The government has consented to be sued for a wrongful levy, but strictly within the terms and relief provided in 26 U.S.C. § 7426.

Section 7426 of chapter 26 U.S.C. is the exclusive remedy where the IRS has wrongfully levied upon property. *Crow v. Wyoming Timber Products Co.,* 424 F.2d 93, 96 (10th Cir.1970). The Fifth Circuit has more recently stated:

When someone other than the taxpayer claims an interest in property or rights to property which the United States has levied upon, his exclusive remedy against

the United States is a wrongful levy action under I.R.C. § 7426. That section waives the sovereign immunity of the United States for such actions, and limits the relief that may be granted.

*United Sand and Gravel Contractors, Inc. v. United States*, 624 F.2d 733, 739 (5th Cir.1980). *See generally United States v. Weintraub*, 613 F.2d 612, 622 (6th Cir.1979), *cert. denied*, 447 U.S. 905, 100 S.Ct. 2987, 64 L.Ed.2d 854 (1980). The court concludes that plaintiff's exclusive remedy in this case is an action for wrongful levy under 26 U.S.C. § 7426.

This result is consistent with dicta found in the recent Supreme Court opinion of *United States v. National Bank of Commerce*, 472 U.S. ——, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985). In this decision, the Court recognized the right of the IRS to levy upon bank accounts regardless of the fact that the accounts were in joint names. The Court interpreted the IRS Code, as follows:

> Congress thus balanced the interest of the government in the speedy collection of taxes against the interest of any claimants to the property, and reconciled these interests by permitting the IRS to levy on the assets at once, leaving ownership disputes to be resolved in a post-seizure administrative or judicial proceedings. (citations omitted)

472 U.S. at ——, 105 S.Ct. at 2929, 86 L.Ed.2d at 579. The Court had earlier referred to 26 U.S.C. § 7426 as a judicial means available to resolve these ownership disputes. 472 U.S. at ——, 105 S.Ct. at 2929, 86 L.Ed.2d at 579.

■ The speedy collection of taxes would be unduly hampered if an action for wrongful disclosure under 26 U.S.C. § 7431 could also arise in situations only contemplated under an action for wrongful levy, 26 U.S.C. § 7426. The primary purpose of 26 U.S.C. § 6103 is to restrict access of other governmental bodies and agencies to return information. *Chamberlain v. Kurtz*, 589 F.2d 827, 835 (5th Cir.), *cert. denied*, 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979). The purpose of § 6103

and for creating a cause of action for its violation (26 U.S.C. § 7431) is not served where the government mistakenly levies upon a third party's property.

■ Plaintiff argues that the amounts of tax liability owed by her husband's estate contained on the notice of levy constitute a disclosure regarding her, since the notice so stated that it was her liability. The court finds little merit to this position as 26 U.S.C. § 7431 contemplates an action only where "return information with respect to a taxpayer" is disclosed. The tax liability disclosed in the notice was with respect to the plaintiff's deceased husband and not with respect to plaintiff. The mere fact that the notice indicated that plaintiff was liable for the taxes does not amount to a disclosure of information found on plaintiff's tax returns. The court does not believe Congress intended 26 U.S.C. § 7431 to encompass such an action.

Even assuming plaintiff could bring an action under 26 U.S.C. § 7431 for the disclosure of her name and social security number, the court could not consider this material to be disclosed to an employer who already had knowledge of the same. These facts were not made known to plaintiff's employer. 26 U.S.C. § 6103(b)(8).

■ Plaintiff has never amended her complaint to state a claim for wrongful levy under 26 U.S.C. § 7426, for the apparent reason that no relief is available under its limited terms. The court considers it unnecessary, unless otherwise shown, to allow plaintiff an opportunity to amend her complaint to allege an action under 26 U.S.C. § 7426.

IT IS THEREFORE ORDERED that plaintiff's claims are dismissed with prejudice.