CREDITBANK, a Florida banking institution, Plaintiff,

v.

MILWAUKEE ELECTRICAL CON-STRUCTION, INC., d/b/a MEC Cable Division, Hilda M. Ribas, Jesus P. Rodriguez, Esther A. Rodriguez, and Storer Cable Communications, a Florida Corporation, Defendants.

STORER CABLE COMMUNICATIONS, INC., Third Party Plaintiff,

v.

UNITED STATES and Commissioner of the Internal Revenue Service of the United States, Third Party Defendants.

No. 88–0415 CIV.

United States District Court,
S.D. Florida.
Miami Division.

Sept. 22, 1988.

Douglas M. McIntosh, Dixon, Dixon, Nicklaus, Valle & McIntosh, Miami, Fla., for Storer.

Manuel A. Reboso, Rossman, Baumberger & Peitz, Miami, Fla., for Ribas.

Rafael E. Padierne, Miami, Fla., for Milwaukee Elec.

Paul E. Pelletier, U.S. Dept. of Justice, Washington, D.C., for United States.

Jack R. Maro, Maro & Johnstone, Coral Gables, Fla., for Creditbank.

ORDER GRANTING THIRD PARTY DE-FENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

EDWARD B. DAVIS, District Judge.

THIS MATTER is before the Court on Third Party Defendant's Motion to Dismiss Third Party Plaintiff's Amended Third Party Complaint for Lack of Subject Matter Jurisdiction pursuant to Fed.R.Civ.P. 12(b).[1]

FACTS

Plaintiff, CREDITBANK, brought an action against Defendant/Third Party Plaintiff, STORER CABLE COMMUNICATION, INC. (hereinafter STORER). In this action, CREDITBANK sued to recover monies STORER had paid to the Internal Revenue Service (IRS) on July 15, 1983, pursuant to a Notice of Levy filed by the IRS on

1. UNITED STATES also brought a Motion to Dismiss for Lack of Personal Jurisdiction, but this Motion is Moot because STORER dismissed

the Commissioner of the Internal Revenue Service of the United States as a Third Party Defendant in the amended Third Party Complaint.

July 5, 1983. The Levy was filed for delinquent and unpaid taxes of Defendant, MILWAUKEE ELECTRIC CONSTRUCTION, INC. (hereinafter MILWAUKEE ELECTRIC). STORER owed MILWAUKEE ELECTRIC monies totalling $12,835.88. Prior to the Notice of Levy, MILWAUKEE ELECTRIC had assigned its accounts receivable to CREDITBANK. Thus, CREDITBANK now sues to recover the $12,835.88, claiming that the Levy by the IRS was wrongful and that STORER should have paid the money to CREDITBANK.

On February 12, 1988, STORER filed a Third Party Complaint against the UNITED STATES and the Commissioner of the IRS. On March 25, 1988, STORER filed its Amended Third Party Complaint against the UNITED STATES, dismissing the Commissioner as a third party defendant. In this Amended Complaint, STORER asserts two causes of action. First, STORER claims that the UNITED STATES wrongfully levied against STORER's monies due MILWAUKEE ELECTRIC in the amount of $12,835.88, plus interest and attorney fees. STORER bases this claim on 26 U.S.C. § 7426. Second, STORER claims that if it is held liable to CREDITBANK, then it is entitled to contribution from the UNITED STATES, pursuant to F.S. § 768.31.

Third Party Defendant, the UNITED STATES, now brings a Motion to Dismiss STORER's amended third party complaint pursuant to Fed.R.Civ.P. 12(b) for lack of subject matter jurisdiction. UNITED STATES contends that the statute of limitations has run on STORER's claims, and thus the UNITED STATES is barred from liability due to sovereign immunity.

### THE LAW REGARDING WRONGFUL LEVIES

Under 26 U.S.C. § 7426(a)(1), when the IRS wrongfully levies upon property, any person (other than the taxpayer being assessed) who claims an interest in such property may bring a civil action against the United States in a district court of the United States. This right is limited by 26 U.S.C. § 6532(c) which requires an action brought under § 7426(a)(1) to be commenced within nine (9) months of the *date of levy*. The rationale behind this statute of limitation is as follows:

> The obvious reason for a short statute of limitations is to resolve doubts concerning the status of the taxpayer's account swiftly. If someone else successfully claims property already credited against the taxpayer's tax liability, the United States must look to other assets of the taxpayer to satisfy the taxpayer's liability. I.R.C. § 6532(c) protects the legitimate interest of the United States in requiring other claimants of the seized property to bring their claims quickly.[2]

### MOTION TO DISMISS COUNT 1 FOR LACK OF SUBJECT MATTER JURISDICTION

Although the issue of statute of limitations is ordinarily raised as an affirmative defense, when the United States is sued under 26 U.S.C. § 7426(a)(1), the statute of limitation becomes a jurisdictional issue.[3] This is because the only source of subject matter jurisdiction this court has when the United States is being sued is when the United States consents.[4] In the instant case, the UNITED STATES has only consented to be sued within the limitations of 26 U.S.C. § 7426(a)(1), which is nine months from the time of levy. Thus, it is proper for the UNITED STATES to raise the nine-month limitation under § 6532 in a motion to dismiss for lack of subject matter jurisdiction.

It is undisputable in this case, that STORER did not commence this action within the nine months of levy. This action was commenced on the earliest, February 12, 1988. This is almost five years after the date of levy, July 5, 1983. STORER argues that (1) the nine month period

---

**2.** *United Sand and Gravel Contractors, Inc., v. United States,* 624 F.2d 733, 739 (5th Cir.1980).

**3.** *Dieckmann v. United States,* 550 F.2d 622, 623 (10th Cir.1977).

**4.** *Id.*

should not begin to commence until the plaintiff is aware that the levy is wrongful, and (2) it is inequitable that STORER, who willingly abided by a governmental order, should face the possibility of double payment. For equitable purposes, STORER claims that the nine month limitation of § 6532 should not apply to § 7426(a)(1), but instead the six year statute of limitation of 28 U.S.C. § 2401 should apply. Although STORER's arguments are not frivolous, this Court must follow case law which firmly establishes that the nine month period of § 6532 must be construed strictly in favor of the government in a § 7426(a)(1) action, and the courts will not consider the doctrine of equitable tolling of the limitation period.[5] Furthermore, the clear wording of 26 U.S.C. § 6532(c) overrules STORER's contention. Section 6532(c)(1) sets out a statute of limitation for contesting wrongful tax levies, requiring that "[n]o suit or proceeding under section 7426 shall be begun after the expiration of 9 months from the date of levy ..." The date of the levy is the date the Notice of Levy is served,[6] which in this case is July 5, 1983, almost five years before the commencement of this action. Thus, Count 1 of STORER's amended third party complaint is dismissed with prejudice.

### MOTION TO DISMISS COUNT 2 FOR LACK OF SUBJECT MATTER JURISDICTION

 In Count 2, STORER claims that the UNITED STATES is liable to STORER for contribution if STORER is liable to CREDITBANK. STORER's claim is without merit. The exclusive remedy for a third party who claims an interest in property that has been levied by the United States, is an action for wrongful levy pursuant to 26 U.S.C. § 7426.[7] As discussed above, STORER has failed to meet the statute of limitations requirement under this section, and thus is barred from suing the UNITED STATES in this court. Thus, if STORER wishes to sue the UNITED STATES, it must assert some other exception to the government's sovereign immunity. This STORER has failed to do. Therefore, Count 2 of STORER's amended third party complaint is dismissed without prejudice.

It is hereby,

ORDERED AND ADJUDGED that Count 1 of STORER's amended third party complaint is DISMISSED WITH PREJUDICE, and Count 2 of STORER's amended third party complaint is DISMISSED WITHOUT PREJUDICE.

DONE AND ORDERED.

---

**5.** See, e.g., Dieckmann v. United States, 550 F.2d 622, 624 (10th Cir.1977); American Fidelity Fire Ins. Co. v. United States, 623 F.Supp. 722, 723 (W.D.Tenn.1985); Newport National Bank v. United States, 556 F.Supp. 94, 97 (D.R.I.1983).

**6.** Dieckmann v. United States, 550 F.2d 622, 624 (10th Cir.1977).

**7.** Expoimpe v. United States, 609 F.Supp. 1098, 1100 (S.D.Fla.1985).