Linda BROWN, Plaintiff,

v.

UNITED STATES, Defendant.

No. C-89-3502 DLJ.

United States District Court,
N.D. California.

Oct. 9, 1990.

David M. Kirsch, sole practitioner in San Jose, Cal., for plaintiff.

Thomas F. Carlucci, Asst. U.S. Atty., for defendant.

## ORDER

JENSEN, District Judge.

On September 19, 1990, this Court heard plaintiff Linda Brown's motion for summary judgment and the government's cross-motion for partial summary judgment. David M. Kirsch appeared for plaintiff. Thomas F. Carlucci appeared for the defendant. For all the following reasons, the Court DENIES plaintiff's motion for summary judgment and GRANTS defendant's cross-motion for summary judgment.

## I. BACKGROUND FACTS

This is an action for civil damages for wrongful disclosure of federal tax return information pursuant to 26 U.S.C. § 7431. Plaintiff brings the present motion for summary judgment with regard to a July 21, 1989 "Notice of Levy on Wages, Salary, and Other Income" issued to the plaintiff's employer, Valley Pet Supply, Inc., by the Internal Revenue Service. That Notice referenced plaintiff and her husband, despite the fact that they had separated and divorced by that time, and included plaintiff's social security number.

The Notice of Levy erroneously contained a deficiency of $23.52 for taxable year 1986 assessed against plaintiff's former spouse alone. However, the Notice also included deficiencies for taxable years 1983 and 1984 ($10,990.20 and $7,053.87 respectively) which were correctly assessed against the plaintiff. Apart from the erroneous inclusion, the Notice had been properly assessed and issued pursuant to IRS procedures.

Plaintiff contends that the erroneous inclusion on the notice of a deficiency against another constitutes a wrongful disclosure

of return information, thus entitling her to recover under 26 U.S.C. § 7431.[1] The government in response and cross-motion for summary judgment contends that the erroneous inclusion of another's tax liability on an otherwise proper levy does not provide a basis for plaintiff's recovery.[2]

## II. STANDARD FOR SUMMARY JUDGMENT

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In the present case, both parties agree as to the material facts with respect to the Notice of Levy issued July 21, 1989: an otherwise properly issued Notice mistakenly included a deficiency which was not attributable to plaintiff. Thus summary judgment is appropriate at this time.

## III. DISCUSSION

*A. Wrongful disclosure of "plaintiff's" tax return information.*

Internal Revenue Code Section 7431(a) establishes a cause of action with a remedy of damages if an officer or employee of the United States knowingly or negligently makes an unauthorized disclosure of a taxpayer's return or tax return information. 26 U.S.C. § 7431(a)(1). Such disclosure is "unauthorized" if it violates 26 U.S.C. § 6103, which outlines the collection procedures of the IRS.

■ The government presents an appealing argument that the clear congressional intent underlying section 7431 is that only the taxpayer whose return information has been disclosed has a cause of action. The most apparent support for this proposition is the language of the statute itself and a 1986 case from the District Court of Kansas, *Haywood v. United States*, 642 F.Supp. 188 (D.Kan.1986). This Court is not bound by this precedent; however, this Court finds the *Haywood* case persuasive as it provides sound reasoning pertinent to the present case.

■ In *Haywood*, the IRS mistakenly attributed to plaintiff a tax deficiency assessed against the estate of plaintiff's husband. A Notice of Levy was subsequently served on plaintiff's employer. The Notice was addressed to "Jon M. Dec'd & Beverly G. Haywood," and bore plaintiff's tax identification number.

The court noted that the primary purpose behind the procedures outlined in 26 U.S.C. § 6103 is "to restrict access of other governmental bodies and agencies to return information." *Haywood*, 642 F.Supp. at 192 (citing *Chamberlain v. Kurtz*, 589 F.2d 827, 835 (5th Cir.), *cert. denied*, 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979)). Furthermore, the "speedy collection of taxes would be unduly hampered" if each instance for wrongful levy also created an action for wrongful disclosure. *Id.* Thus, despite the clearly erroneous assessment of a deficiency against plaintiff, the *Haywood* court found "little merit" to plaintiff's claim under section 7431 as the tax liability disclosed concerned only plaintiff's deceased husband and not plaintiff:

> The mere fact that the notice indicated that plaintiff was liable for the taxes does not amount to a disclosure of information found on plaintiff's tax returns. The court does not believe Congress intended [ ] section 7431 to encompass such an action.

*Haywood*, 642 F.Supp. at 192.

Thus the court concluded that plaintiff's action was more properly brought under 26

---

**1.** 26 U.S.C. § 7431(a)(1) provides:
   If any officer or employee of the United States knowingly, or by reason of negligence, discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

**2.** The Court does not address plaintiff's original motion for summary judgment with respect to another Notice of Levy issued on or about September 19, 1987, as both parties agree that there exist triable issues of material fact.

U.S.C. § 7426 for wrongful levy then under section 7431 for wrongful disclosure.

In the present case, plaintiff also relies solely on the mistaken inclusion of another's tax liability in a Notice of Levy as entitling her to damages under section 7431. Yet it was not *plaintiff*'s tax return information which was wrongfully disclosed, but that of her former spouse. Therefore, under both the language of the statute and the reasoning in *Haywood*, plaintiff does not seem to have a cause of action for wrongful disclosure of *her* tax information.

### B. "Disclosure" of tax information to plaintiff's employer.

The *Haywood* court also concluded that plaintiff's claim would fail even if should could bring an action under section 7431 for disclosure of her name and tax identification number.[3] The court did not consider such information to be "material" when disclosed to an employer who already possessed such information; thus it was not "made known" within the meaning of section 6103(b)(8).[4] *Haywood*, 642 F.Supp. at 192. In the present case, Valley Pet Supply was already aware of plaintiff's tax identification number. Furthermore, in light of correctly assessed deficiencies for taxable years 1983 ($10,990.20) and 1984 ($7,053.87), it is difficult to conclude that an incorrectly imputed liability for 1986 of $23.52—or 0.001% of the total deficiency for 1983 and 1984—is such that would materially impugn plaintiff's reputation with her employer.

### IV. CONCLUSION

This Court declines to hold as a matter of law that a tax deficiency incorrectly assessed against an individual and included in an otherwise proper Notice of Levy to that individual's employer is a "wrongful disclosure" *per se* within the meaning of section 7431. To so hold would conflict with the congressional policy of restricting governmental access to taxpayer information, as well as expose the Internal Revenue Service to a deluge of unintended litigation and liability.

For all of the foregoing reasons, the Court orders the following:

1. Plaintiff's motion for summary judgment with regard to the July 21, 1989 Notice of Levy is DENIED.

2. Defendant's cross-motion for summary judgment with regard to the July 21, 1989 Notice of Levy is GRANTED.

IT IS SO ORDERED.

---

**3.** A taxpayer's identification number constitutes "return information" within the meaning of the statute. 26 U.S.C. § 6103(b)(2)(A).

**4.** "The term 'disclosure' means the making known to any person in any manner whatever a return or return information." 26 U.S.C. section 6103(b)(8).