**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 10, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CLEALON B. MANN; NANELL H.
MANN,

Defendants-Appellants,

RONALD J. PASKETT; MARSHA M.
PASKETT; CARDIFF ASSOCIATED
PROPERTY OWNERS; UTAH
STATE TAX COMMISSION,

Defendants.

No. 09-4160
(D.C. No. 2:04-CV-00205-DB-BCW)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH** and **ANDERSON**, Circuit Judges**,** and **BRORBY**, Senior
Circuit Judge.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Appellants Clealon and Nanell Mann, pro se, challenge two rulings related to the district court's distribution of proceeds from a federal tax foreclosure. Specifically, the Manns contest the denial of Ms. Mann's post-judgment challenge to an IRS levy on her share of the foreclosure proceeds; they also contest the district court's directive that any residual proceeds be applied to Mr. Mann's outstanding restitution obligation. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I

The government initiated this action to reduce to judgment federal income tax assessments against the Manns and foreclose on liens registered against their real property. After granting the government's motion for summary judgment, the district court confirmed the foreclosure sale of a cabin owned by the Manns and distributed the proceeds. The distribution schedule gave Ms. Mann fourth priority for her interest in the cabin and Mr. Mann last priority to any remaining proceeds. The Manns did not appeal. The IRS subsequently levied Ms. Mann's share of the proceeds, however, to satisfy her outstanding tax liabilities from 1993, 1994, and 1995. The total amount levied was $42,083.50, but presumably because the government did not include these liabilities in its complaint or litigate them in the district court, Ms. Mann filed three post-judgment motions, all asserting the same substantive challenge to the levy. Additionally, the government requested that

residual proceeds be applied to an unsatisfied restitution order previously entered against Mr. Mann. These motions were referred to a magistrate judge.

After a hearing, the magistrate judge granted the government's motion to apply excess proceeds to Mr. Mann's outstanding restitution obligation. The magistrate judge also denied as barred by sovereign immunity Ms. Mann's motions attacking the levy. The Manns objected, but the district court agreed that sovereign immunity precluded Ms. Mann from contesting the levy and that any residual proceeds should be applied towards restitution. These adverse rulings are now the subject of this appeal.[1]

## II

We review the district court's denial of post-judgment relief for an abuse of discretion. *See Smith v. United States*, 561 F.3d 1090, 1097 n.8 (10th Cir. 2009), *cert. denied*, ___ S. Ct. ___, 2010 WL 154973 (U.S. Jan. 19, 2010). In conducting our review, we afford the Manns' pro se materials a liberal construction. *See Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). This more generous construction, however, coupled with our examination of the record and governing authorities, fails to disclose any abuse of discretion by the district court.

---

[1] In their reply brief, the Manns contend for the first time on appeal that the district court erred in refusing to instruct the IRS to "remove all IRS clouds on [Ms. Mann's] credit report." Reply Br. at 4-5. We generally do not consider issues raised for the first time in a reply brief and decline to do so in this instance. *See Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000).

A.  Levy

The district court denied Ms. Mann's challenge to the levy because she failed to show a valid waiver of sovereign immunity for bringing a wrongful levy claim.  26 U.S.C. § 7426(a)(1) affords a limited waiver of sovereign immunity to persons "other than the person against whom is assessed the tax out of which [the] levy arose."  *See Dieckmann v. United States*, 550 F.2d 622, 624 (10th Cir. 1977) (recognizing limited waiver of sovereign immunity for wrongful levy action under § 7426(a)(1)).  Because the levy arose from taxes assessed against Ms. Mann, R.O.A., Vol. 1 at 460, the court found this provision inapplicable.[2]  On appeal, the Manns initially contend the levy constitutes "triple taxation."  Aplt. Br. at 4.  But in their reply brief, they contend for the first time that Mr. Mann—not Ms. Mann—is actually disputing the levy.  Asserting he is not the person against whom the taxes were assessed, the Manns argue that the district court erred in denying Ms. Mann's motions.

Setting aside the Manns' failure to raise this argument in their opening brief, *see Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000), we cannot ignore their failure to advance this theory in the district court.  This court is not "a 'second-shot' forum . . . where secondary, back-up theories may be mounted for the first time."  *Tele-Commc'ns, Inc. v. Comm'r.*, 104 F.3d 1229, 1233 (10th Cir.

---

[2]     The court observed that Ms. Mann's proper remedy was to file a tax refund claim.  *See* 28 U.S.C. § 1346(a); 26 U.S.C. § 7422(a).

1997).  All three of Ms. Mann's motions denied by the magistrate judge contested the levy on her behalf.  *See* R.O.A., Vol. 1 at 439-42 (Motion to Set Aside Unlawful Taking); *id.* at 443-44 (Motion to Compel); *id.* at 487-91 (Motion for Contempt).  Her objections to the magistrate judge's ruling likewise contested the levy on her own behalf.  *See id.* at 577-79.  Mr. Mann did not allege the government wrongfully levied his property to satisfy her liabilities.  Because the Manns did not advance their new theory in the district court, we will not consider it now.  *See Dahn v. United States*, 127 F.3d 1249, 1252-53 (10th Cir. 1997) (refusing to consider new theory for asserting wrongful levy claim).  To the extent Ms. Mann is challenging the levy directly, we agree that sovereign immunity precludes her claim.  *See Aspinall v. United States*, 984 F.2d 355, 357 (10th Cir. 1993); *Dieckmann*, 550 F.2d at 624.

B.  Residual Proceeds

Turning next to the issue of residual proceeds, the district court's initial distribution schedule gave Mr. Mann last priority to any leftover funds from the foreclosure sale.  The government subsequently asked that those funds be applied to Mr. Mann's unsatisfied criminal restitution order, and the magistrate judge granted the request.  In the interim, the IRS mistakenly notified Mr. Mann that he still owed back taxes, all of which prompted him to demand, among other things, that any outstanding tax liabilities be satisfied with the residual proceeds first, before anything was paid towards restitution.  The government eventually

discovered the error, however, and explained that all of Mr. Mann's relevant tax liabilities had been satisfied. Accordingly, the district court's revised distribution order acknowledged that the IRS notice had been sent in error, and thus the order directed the excess proceeds to be applied towards restitution. R.O.A., Vol. 1 at 615-16, 621.

Despite these circumstances, Mr. Mann maintains that the revised distribution schedule misappropriates funds to a junior obligation (restitution) while his senior tax liability remains unsatisfied. Purporting to preserve the integrity of a senior debt, Mr. Mann seeks to reinstate the initial distribution schedule, which gave him last priority to any leftover proceeds. It is evident from the record, however, that Mr. Mann's relevant tax liabilities were satisfied with the proceeds from the foreclosure sale. *See id.* at 621. There is thus no merit to Mr. Mann's contention. His suggestion that the district court ought to retain the residual proceeds until Ms. Mann prevails on her wrongful levy action is likewise meritless. And, to the extent he simply seeks reversal of the district court's application of excess proceeds to his restitution order, he fails to show an abuse of discretion.

The judgment of the district court is AFFIRMED. All outstanding motions are denied as moot.

Entered for the Court

Wade Brorby
Senior Circuit Judge

-6-